**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:16-cv-61994-O'Sullivan**
**CONSENT CASE**

GARY KAHN,

      Plaintiff,

vs.

CLEVELAND CLINIC FLORIDA HEALTH
SYSTEM NONPROFIT CORPORATION
d/b/a Cleveland Clinic Hospital

      Defendant.

_____/

## JOINT PROPOSED PRETRIAL STIPULATION

Pursuant to the Order Setting Pretrial Conference and Trial Date (DE 38), the parties,

GARY KAHN and CLEVELAND CLINIC FLORIDA HEALTH SYSTEM NONPROFIT

CORPORATION d/b/a Cleveland Clinic Hospital, by and through their respective undersigned

counsel, hereby file this Joint Pretrial Stipulation.

**A.**     **STATEMENT OF THE CASE**

Plaintiff, GARY KAHN, is disabled as defined by the ADA and the Rehabilitation Act.

He has, Multiple Sclerosis (MS), that affects the nerve function in his body, and he is

substantially limited in performing one or more major life activities, is confined to a motorized

wheelchair, and cannot walk without assistance.

This action arises from an incident that occurred on or about July 10, 2015 while Plaintiff

was a patient at Defendant's Hospital and went to use a bathroom designated for handicap use

that he was directed to in the MRI/Radiology Department. Plaintiff alleges Defendant was

negligent under Florida state law, resulting in a fractured leg, and other economic and non-

economic damages.   Plaintiff additionally seeks declaratory, and injunctive relief, attorney's fees and costs, claiming violations of 42 U.S.C. § 12181 et seq., the Americans with Disabilities Act ("ADA").

Plaintiff seeks compensatory relief based on his allegations that Defendant's conduct amounted to negligence under Florida state law (Count I). Plaintiff seeks declaratory, and injunctive relief pursuant to title III of the Americans with Disabilities Act of 1990, P.L. 101-336 (Count II).

Defendant claims that it was not negligent with respect to Plaintiff, and that with respect to Plaintiff's use of the bathroom, there were no ADA violations present at the time. As affirmative defenses, Defendant claims that that it did not discriminate against Plaintiff, and any harm suffered by Plaintiff was the result of his own fault or the fault of his aide, Laurie Denis, or due to other intervening causes.  The jury will decide issues relating to Plaintiff's state law negligence claim for compensatory relief.  The jury will decide whether any ADA violations exist, however the Court will decide any claims for equitable relief.

**B.    JURISDICTION**

The Court has original Jurisdiction over this action pursuant to 28 USC 1331 and 1343 for Plaintiffs' claims arising under 42 USC 12101 et seq. and ancillary jurisdiction over the state law negligence claim.

**C.    PLEADINGS RAISING THE ISSUES**

Second Amended Complaint **[DE 47]**.  Answer to Second Amended Complaint **[DE 49].**

**D.    PENDING MOTIONS**

The parties have/ will file motions in Limine.

Plaintiff will file a Motion in Limine and/or to Strike the "Defense Expert", Jeffrey

Gross; a Motion in Limine as to the Defense "CME Expert", Jonathan Harris, M.D.  (DE 93); a Motion for Order Authorization to Bring Computers and Equipment into the Courtroom and a Motion to Allow the Video Depositions of Plaintiff's treating physicians, all located in northern Palm Beach County, to be played at Trial in lieu of live testimony.

Plaintiff filed a plaintiff's motion for sanctions for spoliation of evidence (DE 94) to which Defendant has responded.

Plaintiff filed a motion in limine to exclude any evidence/testimony of plaintiffs prior falls (DE 112).

Plaintiff has filed a Motion for Sanctions for defendant's failure to properly prepare its rule 30 (b)(6) representative for court ordered deposition. (DE 117)

Plaintiff will file a Request for Judicial Notice as to official US Government CDC Guidelines.

Defendant's motion for partial summary is pending (DE 80 & 81).

Defendant filed a motion in limine to exclude evidence of any ADA violations that were not part of Plaintiff's Second Amended Complaint or which involve elements that Plaintiff never used (DE 119).

Defendant filed a motion in limine to exclude evidence regarding the procedures for handling and storing soiled linen and contaminated waste and whether they comply with the Center for Disease Control guidelines or other similar guidelines (DE 121).

Defendant filed a motion in limine relating to the construction of new MRI and radiology rooms which have separate changing as it is Defendant's position that such construction constitutes subsequent remedial measures (DE 120).

## E.   PLAINTIFF'S PROPOSED UNCONTESTED FACTS WHICH REQUIRE NO PROOF AT TRIAL

The following are uncontested facts which require no proof at Trial:

Plaintiff and Defendant have been unable to reach agreement as to the entirety of the uncontested facts. Plaintiff incorporates in red those facts which Plaintiff asserts are uncontested but Defendant will not agree to same.

1.     Plaintiff, GARY KAHN is a qualified individual with a disability as defined by the ADA and requires the use of a wheelchair.  42U.S.C. § 12131(2).

2.     Plaintiff, GARY KAHN is an individual with a disability as that term is defined in the ADA. ADA § 3(2).

3.     Cleveland Clinic is a "public entity" under the ADA and is subject to title III's general prohibitions against disability based discrimination.

4.     **Defendant**, **CLEVELAND CLINIC FLORIDA HEALTH SYSTEM NONPROFIT CORPORATION d/b/a CLEVELAND CLINIC HOSPITAL** is a not for profit Florida corporation, which is authorized to transact, and which transacts business in several counties in the State of Florida.  **Defendant** is the owner, operator, of the medical building and related medical facilities of the property which are the subject of this action.

5.     On July 10, 2015, **Plaintiff** had an appointment at the **CLEVELAND CLINIC** in Weston, Florida for a MRI.

6.     On July 10, 2015, **GARY KAHN,** who uses a motorized wheelchair and cannot drive himself, was driven down to the **CLEVELAND CLINIC** in his van by his aide.

7.     Once GARY KAHN arrived in Weston to undergo a MRI, he went directly to the MRI/Radiology department on the first floor of the Defendant's facility.  KAHN alleges he was informed there was about a one (1) hour delay in the scheduled appointment.

8.      **KAHN** asked the **CLEVELAND CLINIC's** registration clerk where an accessible restroom was so he could use the same.

9.      The clerk at the MRI/Radiology Department led KAHN and his aide, through secured double doors to an accessible bathroom. Kahn alleges that the clerk used her electronic badge to gain access to the area where the restroom was located.

10.     The Defendant's employee directed **KAHN** to the accessible restroom he was to use, and asked if KAHN or his aide needed any help.  Before KAHN entered the bathroom, the offer of help was turned down.

11.     There were (4) four ADA bathrooms in the MRI/Radiology department. Defendant had in place a policy & procedure to use all (4) four ADA bathrooms as changing rooms for its patients.

12.     **KAHN,** who was using his motorized wheelchair, then entered the accessible bathroom that he was directed to use.

13.     Upon entering the accessible bathroom, there was at least one free standing soiled linen laundry receptacle, approximately 3 ft. tall, with a blue bag, in the corner of that bathroom. There was also a gray free-standing garbage can, approximately 3 feet tall, in the bathroom.

14.     The sanitary toilet seat cover dispenser was located above the bathroom toilet.

15.     KAHN alleges that he wanted to use a sanitary toilet seat cover, and while he was standing by the toilet, looked at the sanitary toilet seat cover dispenser located above the toilet and determined it was out of his reach.

16.     **KAHN** pulled his motorized wheelchair close to the toilet and using the grab bars, transferred to a standing position near the toilet.  His aide, Laurie Denis, asserts that she then backed up the motorized wheelchair so **KAHN** could maneuver himself to sit on the toilet.

*MIA 186223908v2*

17.     KAHN alleges that he then changed his mind about wanting to sit on the toilet and asked for his aide, Laurie Denis to return his motorized wheelchair to him so he could sit down.

18.     The aide, Laurie Denis could not return his motorized wheelchair to KAHN as the KAHN alleges that plastic trash bin had been jammed into the back wheels of the motorized wheelchair so that it could not move forward.

19.     KAHN alleges that as a result of the time it took KAHN to stop and look at the sanitary seat cover and determine that it was out of reach, and then changing his mind in not using the toilet and ask to sit back in his wheelchair, and because KAHNS's wheelchair could not get back to him in time, his Kahn's strength gave out and KAHN fell hard to the ground.

20.     **KAHN** alleges that he sustained a fracture to his right leg and injured both of his knees as a result of the fall.

21.     **KAHN** alleges he was unable to stand and had to be lifted off the ground in the bathroom by CLEVELAND CLINIC employees who used a blanket to slide underneath him and they then lifted him up back into his wheelchair.

22.     Once back in this wheelchair, **KAHN** alleges that he was immediately taken down to Defendant's Emergency Department.

23.     **KAHN** was examined by a nurse and a Physician's Assistant in the Emergency Department.  No x-rays of his leg or knee were taken.

24.      **KAHN** was released in 47 minutes from the Emergency Department and sent back to the MRI Department where he was sent to undergo MRI studies. KAHN alleges that he was still unable to stand up on his own and had to be lifted from his wheelchair onto a hospital

wheelchair just to enter into the MRI room.  Once inside the MRI room, KAHN alleges he had to be lifted out of the hospital wheelchair and onto the MRI table.

25.     After the MRI studies were completed, KAHN alleges he had to be lifted off the MRI table, back into the hospital wheelchair and then transfer him to his own motorized wheelchair.

26.     KAHN alleges he then left the CLEVELAND CLINIC building, escorted by at least three (3) CLEVELAND CLINIC employees who again had to pick KAHN up out of his motorized wheelchair and put him in the middle row seat of his vehicle.

27.     When **KAHN** got home, KAHN alleges he was unable to get out of the van to transfer to his motorized wheelchair.  KAHN slid down to the ground from the van and 911 was called for assistance.  The paramedics came and placed **KAHN** back in his motorized wheelchair and escorted him back into his house and picked him up from his wheelchair and placed him in his special reclining chair, where he spent the night as he was unable to stand and transfer back into his wheelchair.The next day, **KAHN** could not stand to transfer himself back into his motorized wheelchair, as his right leg was in great pain.   **KAHN** called 911 for help again and this time was taken by ambulance to the JFK Hospital Emergency Department, where he was x-rayed and diagnosed with a nondisplaced fracture of the fibula in his right leg.

28.     **KAHN** was then admitted to JFK Medical Center. When **KAHN** was released, he was taken by medical transport to the Signature Health Care Center in Lake Worth where he was treated by the staff, including Angel Mesa, M.D.  While at the rehab center **KAHN** alleges that he contracted Pneumonia and had to be treated with massive doses of antibiotics which extended his stay and affected the course of his rehabilitation.

29.     As a result of contacting pneumonia, KAHN alleges that he has since been suffering breathing problems and has had to use an inhaler and a nebulizer.

30.     After Hurricane Irma stuck and left KAHN's home without power, KAHN alleges that he experienced trouble breathing and had to be admitted back into the hospital.

31.     All other issues of fact not uncontested remain to be litigated at trial.

**F.     DOCUMENTS FOR WHICH NO RECORDS CUSTODIAN IS REQUIRED TO ESTABLISH AUTHENTICITY WITHOUT WAIVING ANY OBJECTION TO ADMISSIBILITY IN WHOLE OR IN PART**

1.     Medical records in respect of medical care and treatment provided to the Plaintiff before, on or after July 10, 2015, produced as part of discovery, including but not limited to, those used or introduced at any deposition taken in this matter.

2.     The parties' signed and served discovery responses, depositions of the parties, and exhibits thereto, taken in this case

3.     Cleveland Clinic July 10, 2015 incident report.

4.     All ADA expert witness reports disclosed during discovery.  Defendant contends that the expert witness reports should be limited to those barriers identified in the Second Amended Complaint.

5.     The Complaints and the Answers and Affirmative Defenses filed in response thereto. KAHN reserves right to challenge usage of the Complaint and First Amended Complaint and the responses thereto.

6.     All depositions in this case.

**G.     ISSUES OF FACT TO BE TRIED**

1.     Whether Defendant's negligence was the cause of any injury to Plaintiff.

2.      The amount of Plaintiff's damages, if any.

3.      Issues of fact relating to Plaintiff's entitlement to declaratory and injunctive relief.

4.      Whether there was any red bin in the subject bathroom on the date of the incident.

5.      Whether the trash can was in front of the sink on the date of the incident.

**Plaintiff's Issues**

6.      Whether specific violations of the ADA and the ADA Accessibility Guidelines promulgated thereunder, were present at the time of Plaintiff's injuries

7.      Whether specific violations of the ADA and the ADA Accessibility Guidelines promulgated thereunder currently exist at the Cleveland Clinic and the necessary alterations and modifications to rectify the alleged violations to the extent the alterations are technically feasible.

8.      Whether Defendant discriminated against the Plaintiff by failing to remove barriers to access.

9.      Whether Defendant was negligent in allowing waste bin in the ADA bathroom to be in front of the sink.

10.     Whether Defendant was negligent in allowing the sanitary toilet seat cover dispenser in  the ADA bathroom to be in out of Plaintiff's reach.

**Defendant's Issues**

11.     Whether the incident occurred as testified to in Plaintiff's deposition.

12.     Whether Laurie Denis's actions or inactions were the cause of Plaintiff's fall, in whole or in part.

9

13.     Whether Plaintiff's actions or inactions were the cause of Plaintiff's fall, in whole or in part.

14.     Whether Plaintiff's MS, morbid obesity and possible infection were the cause of Plaintiff's fall on the date of the incident.

15.     Whether Plaintiff may assert an ADA claim with respect to elements at Defendant's premises which Plaintiff never used or visited.

16.     Whether any of Plaintiff's claims or damages were the result of any intervening causes.


**H.     UNCONTESTED LAW**

1.     The applicable law includes the Americans with Disabilities Act of 1990, P.L. 101-336 the regulations promulgated thereunder.

2.      "Discrimination" as that term is defined by the ADA. Section 12182(a) of the ADA states: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), operates a place of public accommodation." 42 U.S.C Section 12182(a).

3.     Prohibited discriminatory practices are described under several sections of the ADA. These include removal of architectural barriers, failure of policy, practice and procedure, failure to provide equal and full access and failure to maintain.

4.     To prevail on a negligence claim, Plaintiff must prove duty, breach of that duty, causation, and damages.

5.     Florida state law as to negligence.

I.      **ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT**

The parties agree that the remaining issues of law to be decided are as follows:

1.      Which barriers and policies, if any, at Cleveland Clinic, violate the ADA;

**Plaintiff's Issues**

2.      What policies and procedures must be implemented by the Defendant in order to ensure that no further or new barriers to access are created and what actions must Defendants take to ensure that the necessary policies and procedures are followed;

3.      \Whether Defendant had a duty to provide the Plaintiff with a safe, usable, and accessible ADA Bathroom.Whether Defendant failed to provide the Plaintiff with a safe, usable, and accessible ADA Bathroom.

**Defendant's Issues**

4.      Whether any bins in the subject bathroom were movable objects and therefore did not constitute ADA violations.

5.      Whether the barriers and policies alleged to violate the ADA have to be relevant to Plaintiff's fall.

J.      **TRIAL EXHIBITS**.

Plaintiff's list of trial exhibits is attached hereto as **Exhibit 1.**

Defendant's list of trial exhibits is attached hereto as **Exhibit 2.**

K.      **TRIAL WITNESSES**.

Plaintiff's list of trial witnesses is attached hereto as **Exhibit 3.**

Defendant's list of trial witnesses is attached hereto as **Exhibit 4.**

L.      **ESTIMATED TIME FOR TRIAL**

Five to ten days.

*MIA 186223908v2*

**M.**     **ATTORNEYS' FEES, EXPERTS' FEES, AND LITIGATION COSTS.**

Plaintiff estimates that their allowable attorneys' fees, expert fees, and litigation costs, as a prevailing Plaintiff pursuant to ADA, and the Federal Rules of Civil Procedure are to date in excess of $305,000. Plaintiff will seek an award from Defendant for all attorneys' fees (plus an appropriate multiplier), expert's fees, and litigation costs incurred in this matter. Defendant contests the amount of allowable attorneys' fees (including any multiplier), expert witness fees, and litigation costs, if any, if Plaintiff is the prevailing party. Defendant seeks reimbursement of attorney's fees and costs.

GARY E. SUSSER, ESQ.
GREGORY S. SCONZO, ESQ.
Attorneys for Plaintiff
2755 S. Federal Highway, Ste. 13
Boynton Beach FL 33435
(561) 735-4636
(561) 735-3964 (F)
/s Gary E. Susser
_____
GARY E. SUSSER
Florida Bar No. 622710
courtdocs@susserlaw.com
GREGORY S. SCONZO
Florida Bar No.
courtdocs@susserlaw.com

RONALD M. ROSENGARTEN,
ROBERT S. GALBO, ESQ.
Attorneys for Defendant
333 S.E. 2nd Ave., Suite 4400
Miami FL 33131
(305) 579-0519
(305) 579-0717 (F)
   /s Ronald M. Rosengarten
_____
RONALD M. ROSENGARTEN
Florida Bar No. 387540
rosengartenr@gtlaw.com
ROBERT S. GALBO
Florida Bar No. 106937
galbor@gtlaw.com

*MIA 186223908v2*