UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:16-cv-61994-O'SULLIVAN

[CONSENT]

GARY KAHN,

    Plaintiff,

vs.

CLEVELAND CLINIC FLORIDA
HEALTH SYSTEM NONPROFIT CORPORATION
d/b/a Cleveland Clinic Hospital,

    Defendant.
_____/

## ORDER

THIS MATTER came before the Court on the Defendant's Motion for Partial Summary Judgment (DE# 80, 10/27/17).

## BACKGROUND

The operative complaint alleges that the plaintiff, a disabled individual,[1] injured his leg during a fall sustained in a handicap restroom at the defendant's facility on July 10, 2015. See Plain[tiff's] Second Amended Complaint for Damages and Injunctive Relief (DE# 47, 3/30/17) (hereinafter "SAC"). It asserts two causes of action against the defendant: common law negligence (Count I) and violations under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. (hereinafter "ADA") (Count II). Id.

On October 27, 2017, the defendant filed the instant motion and statement of undisputed facts seeking summary judgment on both counts. See Defendant's Motion

---

[1] The plaintiff has been diagnosed with multiple sclerosis and utilizes a motorized wheelchair. The parties do not dispute that the plaintiff qualifies as a disabled individual under the ADA.

for Partial Summary Judgment (DE# 80 at 1, 10/27/17) (hereinafter "Motion"); Defendant's Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment (DE# 81, 10/27/17) (hereinafter "SOF"). Specifically, the defendant seeks summary judgment on the negligence count and partial summary judgment on the ADA count as it pertains to the turning space and storage receptacles located in the restroom where the plaintiff fell. See Motion (DE# 80 at 10). The plaintiff filed his response to the motion and the SOF on November 30, 2017. See Plaintiff's Response in Opposition to Defendant's Motion for Partial Summary Judgment [DE 80] (DE# 100, 11/30/17) (hereinafter "Response"); Respondent's Statement of Disputed Facts in Opposition to Movant's Statement of "Undisputed" Material Facts and Statement of Additional Material Facts in Opposition to Defendant's Motion for Summary Judgment (DE# 99, 11/30/17) (hereinafter "RSOF"). The plaintiff also filed the Affidavit of Luz A. Warford, the person responsible for inspecting and cleaning the restroom.[2] See Plaintiff's Notice of Filing Affidavit of Luz Warford in Support of Plaintiff's Response in Opposition to Defendant's Motion for Partial Summary Judgment (DE 100) (DE# 113, 12/8/17) (hereinafter "Affidavit of Luz Warford"). The defendant filed its reply and an response to additional facts on December 11, 2017. See Defendant's Reply in Support of Motion for Partial Summary Judgment (DE# 115, 12/11/17) (hereinafter "Reply");

---

[2] The plaintiff refers to Ms. Warford as the defendant's former employee. However, Ms. Warford's affidavit states that she was employed by an other company. See Affidavit of Luz A. Warford (DE# 113-2 at ¶ 2). On December 13, 2017, the plaintiff filed a correction. See Plaintiff's Notice of Filing Correction Due to Clerical Error in Listing of Exhibits Attached To Affidavit of Luz Warford in Support of Plaintiff's Response in Opposition to Defendant's Motion for Partial Summary Judgment (DE 100) (DE# 128, 12/13/17).

Defendant's Response to Plaintiff's Statement of Additional Material Facts in Opposition to Defendant's Motion for Partial Summary Judgment (DE# 116, 12/11/17) ("Reply SOF").

The Court heard argument on the instant motion on December 14, 2017. This matter is ripe for adjudication.

## FACTS

On July 10, 2015, the plaintiff, a disabled individual, and his aide, Laurie Denis, were at the defendant's facility for the plaintiff's medical procedure. The plaintiff notified the desk clerk that he needed to use the restroom. The desk clerk directed the plaintiff and Ms. Denis to the restroom on the first floor.

The plaintiff and Ms. Denis entered the restroom. The plaintiff was able to pull into the restroom without interference. See Deposition of Gary Kahn (DE# 81-1 at 74-75). However, when the plaintiff entered the restroom, he "had to come in a certain way." Id. at 89-90. There were two soiled linen bins inside the restroom. Id. at 89. The plaintiff testified that the two soiled linen bins "took up room, but they did not influence the injury." Id. at 90.

The plaintiff[3] pulled his motorized wheelchair up to get in front of the toilet, "alongside it in front of it" so he could "get to the grab bar." Deposition of Gary Kahn

---

[3] In a later part of the deposition, the plaintiff agrees that it was Ms. Denis who moved the wheelchair near the toilet so the plaintiff could stand up and position himself. Deposition of Gary Kahn (DE# 81-1 at 38). Later, he states that he was the one who "put the wheelchair in position and grabbed the bars." Id. at 115.

3

(DE# 81-1 at 34, 38).[4] The plaintiff then "back[ed] up a little bit" to give himself "foot room to get down [from the wheelchair] and grab [the] bar." Id. at 35, 38. The plaintiff "[brought his] legs back while . . . standing,[5] lower[ed his] pants and started to . . . turn at which time [he] started to lower [himself on]to the toilet, realized [the toilet] was a little lower than [the plaintiff was] used to so [the plaintiff] changed [his] mind to get back to the chair, [and] stood up." Id. He asked Ms. Denis the bring back the wheelchair or move the wheelchair towards the plaintiff so the plaintiff could sit down again. Id. at 36. The plaintiff remained standing, waiting for the chair. Id. at 37. Ms. Denis had trouble moving the chair because a trash can had gotten caught between the two rear wheels of the chair. Id. at 37, 39. Ms. Denis told the plaintiff the chair was stuck. Id. at 43. The plaintiff could not continue standing up. He lost his grip due to his multiple sclerosis and fell to the floor, injuring his leg. Id. at 40-43, 139.

After he fell, the plaintiff told Ms. Denis to pull the emergency cord to ask for help because he could not reach it himself. Id. at 43-44.

## STANDARD OF REVIEW

In reviewing a motion for summary judgment, the Court is guided by the standard

---

[4] The parties dispute whether the plaintiff was perpendicular to the toilet. See SOF at ¶ 4; RSOF at ¶ 4.

[5] While the plaintiff was standing, both his hands were grabbing the grab bar. Deposition of Gary Kahn (DE# 81-1 at 35). The plaintiff did not have any problem pivoting from his standing position while holding the "handrails to the toilet seat." Id. at 92. He could not reach the toilet seat cover and did not try to do so because he would have had to let go of the grab bar with one of his hands. Id. 91-92. According to the plaintiff, the location of the toilet seat cover contributed to his fall because it took up a second or two of his time to realize the toilet seat cover was not where it should have been. Id. at 113-114. The plaintiff did not try to hang anything on the coat hook on the bathroom door. Id. at 92.

set forth in Federal Rule of Civil Procedure 56(a), which states, in relevant part, as follows:

> A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). That is, "[t]he moving party bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323) (internal quotation marks omitted).

In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Reich v. John Alden Life Ins. Co., 126 F.3d 1 (1st Cir. 1997). If the record presents factual issues, the Court must deny the motion and proceed to trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Despite these presumptions in favor of the non-movant, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense

to the parties and to the Court caused by an unnecessary trial. Celotex, 477 U.S. at 322-323. Consequently, the non-moving party cannot merely rest upon his or her bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson, 477 U.S. at 251; Matsuchita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

## ANALYSIS

The defendant argues that it is entitled to summary judgment on the plaintiff's negligence claim and partial summary judgment on the plaintiff's ADA claim. The undersigned will address each claim below.

**1.      Negligence Claim**

The defendant argues that: (1) its purported negligence did not cause the plaintiff's injury and (2) none of the other alleged ADA violations contributed to the plaintiff's fall. See Motion (DE# 80 at 2). Rather, the cause of the plaintiff's injury was Ms. Denis "purportedly backing [the plaintiff's] wheelchair into a trash can and getting the wheels stuck." Reply (DE# 115 at 2).

At the outset, the plaintiff argues that because the defendant failed to preserve the "'RESTROOM QUALITY ASSURANCE INSPECTION' sign-in sheet" for the day in question, the plaintiff is "entitled to an inference that the Defendants [sic] breached their [sic] duty and that the bathroom in question was not inspected at all" on the day of the accident "and that the Defendants [sic] allowed the conditions to exists"[6] Response (DE# 100 at 5-6). The plaintiff further argues that the defendant breached its duty to the plaintiff when the defendant's employee directed the plaintiff to a restroom which was not in fact handicap accessible. Id. at 6.

The Court finds that the defendant's failure to produce the RESTROOM QUALITY ASSURANCE INSPECTION sign-in has no bearing on the instant motion.[7] The plaintiff fails to explain how the defendant's failure to produce a sign-in sheet has any impact on the location of obstructions or the specific characteristics of this restroom

---

[6] In an earlier part of his response, the plaintiff cites to the following barriers or conditions in the restroom:

> (1) a large trash can was positioned in front of the sink and underneath the paper towel dispenser, (2) the toilet seat cover dispenser was positioned outside of the reach range of a disabled patron, (3) a coat hook was positioned on the back of the door at a height that was above the reach range of a disabled patron, (4) the emergency pull cord was not operational for use by a disabled patron, (5) the toilet seat had a protruding object which created reduced clear floor space, and (6) there were two additional soiled linen bins, one red and one blue[,] against the far wall of the restroom.

Response (DE# 100 at 4). It appears that the plaintiff is referring to these conditions/barriers when he states he is entitled to an inference.

[7] The defendant's failure to produce RESTROOM QUALITY ASSURANCE INSPECTION sign-in sheet is also the subject of the Plaintiff's Motion for Sanctions for Spoliation of Evidence (DE# 94, 11/27/17) which the Court will address separately.

which allegedly made it inaccessible to persons with disabilities.

The Court further finds that whether the defendant's alleged negligence caused or contributed to the plaintiff's fall is an issue of fact for the jury to determine at trial. "To establish causation sufficient for a negligence claim, a plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result." Williams v. Mosaic Fertilizer, LLC, No. 8:14-CV-1748-T-35MAP, 2016 WL 7175657, at *17 (M.D. Fla. June 24, 2016), motion for relief from judgment denied, No. 8:14-CV-1748-MSS-MAP, 2017 WL 5464474 (M.D. Fla. Jan. 5, 2017) (citation and internal quotation marks omitted). Here, a reasonable jury could find that the plaintiff fall was caused, in whole or in part, by insufficient floor space due to the presence of obstacles in the restroom. As such, the defendant is not entitled to summary judgment on the plaintiff's negligence count.

## 2. ADA Claim

The defendant seeks partial summary judgment on two purported ADA violations:

> a. There was inadequate clear turning space in violation of section 603.2 of the 2010 ADAAG regulations.
>
> b. Defendant improperly used the disabled accessible bathroom as a storage area for receptacles holding soiled and contaminated linen. The use of the ADA bathroom as a changing room and to store soiled and contaminated linen in two (2) separate bins is a health and safety hazard, in violation of the United States Department of Health, Occupational Safety & Health Administration (OSHA) standards of laundry and housekeeping in healthcare facilities and the recommendations of the United States Center for Disease Control (CD). This also made it difficult for the wheelchair bound Plaintiff to safely utilize the restroom facilities.

SAC (DE# 47 at ¶ 49); Reply (DE# 115 at 6).

The Court will reserve ruling on the summary judgment motion with respect to the ADA claim.

In sum, construing the facts in the light most favorable to the plaintiff, genuine issues of material facts preclude summary judgment on the negligence claim with respect to causation. The Court will reserve ruling on the ADA claim.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Partial Summary Judgment (DE# 80, 10/27/17) is **DENIED** as to the negligence claim.

DONE AND ORDERED in Chambers at Miami, Florida this 14 day of December, 2017.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record