UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-61994-CIV-O'SULLIVAN

[CONSENT]

GARY KAHN,

    Plaintiff,

v.

CLEVELAND CLINIC FLORIDA
HOSPITAL,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for New Trial (DE# 173, 1/26/18).

## STANDARD OF REVIEW

The decision to grant a new trial pursuant to Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure is within the Court's discretion. Burger King Corp. v. Mason, 710 F.2d 1480, 1486 (11th Cir. 1983). Rule 59(a)(1)(A) states that a court may grant a motion for new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." A Rule 59 motion for new trial "is governed by a less stringent standard" than "a renewed motion for judgment as a matter of law under Rule 50(b)." George v. GTE Directories Corp., 195 F.R.D. 696, 701 (M.D. Fla. 2000). When ruling on a Rule 59(a) motion for new trial, the trial judge must determine "if in his opinion, the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice." Ins. Co. of N.A. v. Valente, 933 F.2d 921, 923 (11th Cir. 1991) (quoting Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984)).

## ANALYSIS

The plaintiff seeks a new trial because: (1) the Court allowed evidence of the plaintiff's prior falls occurring in 2014 and 2015 and (2) the defendant's ADA expert, Jeffery Gross, improperly rendered opinions interpreting ADA law. See Plaintiff's Motion for New Trial (DE# 173, 1/26/18). The plaintiff is not entitled to a new trial for the reasons stated below.

Evidence of the defendant's prior falls was relevant to the instant case and was not unduly prejudicial. In Higgs v. Costa Crociere S.p.A., No. 16-12919, 2017 WL 6336894, at *2 (11th Cir. Dec. 12, 2017), the Eleventh Circuit ruled that "the district court abused its discretion in excluding evidence of [the plaintiff]'s prior falls because its probative value was greater than any possible prejudice." Specifically, the Eleventh Circuit noted that:

> The defendant's ability to present alternate causes is of paramount importance in allowing for an adequate defense." Aycock v. R.J. Reynolds Tobacco Co., 769 F.3d 1063, 1069-70 (11th Cir. 2014) (noting that because under Florida law, a plaintiff has the burden on all four elements of negligence, courts treat evidence presented by plaintiffs differently than evidence produced by defendants to rebut causation). The evidence was relevant and probative of [the plaintiff]'s knowledge with regard to the cause of her fall. Causation was an issue at trial, as well as the liability of each party, and the damages. [The plaintiff] had the burden of proving causation, and [the defendant] was unable to challenge sufficiently her causative theory because it was unable to present this evidence to diminish its liability.
>
> We also conclude that the evidence of prior falls was relevant to the determination of comparative fault. The jury found [the defendant] 85% liable and [the plaintiff] 15% liable, and the jury's allocation of fault would have been different if it had heard evidence of [the plaintiff]'s prior falls. This evidence was also relevant to damages because it would show her pre-existing conditions and her propensity to fall.

Id. at *2-3. For the reasons stated in Higgs, the defendant was properly permitted to

2

introduce evidence of prior falls. The fact that the jury heard this evidence is not grounds for a new trial.

The plaintiff also seeks a new trial on the ground that the defendant's ADA expert improperly testified that the ADA does not apply to moveable objects. Motion at 5-6. At trial, Mr. Gross testified, in part, as follows:

> Q. What does the -- in terms of the ADA, what are the standards regarding moveable objects in a place of public accommodation?
>
> **A. In Section 28 CFR 36.406, Scope of Coverage, it states that the standards only cover fixed and building objects.**
>
> Q. **So even if there was a trash can in the position where plaintiff says it was, would that be a violation of the ADA?**
>
> A. **No.**
>
> Q. And on what do you base that opinion?
>
> A. The trash can could easily be moved by a foot or a hand. **I also in a court case called Boston Market got an order from the judge which stated the same thing.**
>
> Q. Where was that case?
>
> A. It was here in South Florida. The restaurant was in Coral Gables.
>
> Q. **And basically what did the Court rule there?**
>
>> [PLAINTIFF'S COUNSEL]: Objection, Your Honor. This is outside the scope of this case.
>
> THE COURT: Overruled.
>
> A. He ruled that the trash can was **a nonfixed item and not covered by the Americans with Disabilities Act.**

Trial Transcript Excerpt (DE# 177-1 at 6-7) (emphasis added).[1]

In its response, the defendant notes that the plaintiff's expert also opined on whether moveable objects were subject to the ADA:

> Mr. Gross's testimony regarding the trash can was offered in rebuttal to Plaintiff's expert, William Norkunas's testimony. Indeed, Mr. Norkunas, in his testimony, frequently stated or implied that the location of the trash can as well as other elements violated the ADA. See Exh. B. at 16:21-22 ("Yes. The trash can shouldn't be where it is."); 17:1-2 ("Trash cans present a barrier to access because you can't move them."); 20:11-13 ("But as it was positioned before, it was in violation of the ADA? Yes."); 20:24-21:1 ("If the trash can is where the plaintiff alleges, is it in violation of the ADA? Yes.). Therefore, Plaintiff's expert was guilty of the same conduct (which is not improper) which they accuse Mr. Gross of. Accordingly, no prejudice resulted by having both experts testify as to what constitutes an ADA violation in the subject bathroom.

Response (DE# 177 at 9).[2]

Considering the plaintiff's arguments individually and as a whole, the plaintiff has not shown that the verdict is against the clear weight of the evidence or that it resulted in a miscarriage of justice. The Court notes that the jury also heard testimony from the plaintiff's expert that moveable objects violate the ADA. Accordingly, Mr. Gross' testimony does not provide a basis for a new trial.

---

[1] The Court cites to the page numbers automatically assigned by the Court's CM/ECF system appearing on the top right-hand corner of each page.

[2] In his reply, the plaintiff suggests that the Boston Market case referenced by Mr. Gross at trial might not exist. Reply (DE# 184 at 2) ("Defendant could not even cite the BOSTON MARKET case to this court. That is because in a PACER check of all the South Florida ADA lawsuits, no such ruling can be found.") (capitalizations in original). The defendant later filed a copy of that opinion. See Defendant's Notice of Supplemental Authority in Support of its Response in Opposition to Plaintiff's Motion for New Trial (DE# 185, 2/26/18).

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for New Trial (DE# 173, 1/26/18) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida this 30 day of MARCH, 2018.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record